# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Kareen Jackson, | * | Case No. 2:20-cv-03934 |
| Petitioner | * | Related Case No. 2:03-cv-00983 |
| v. | * | Judge Watson |
| Warden, CCI | * | *Death Penalty Case* |
| Respondent | * | |

## WARDEN'S MOTION TO TRANSFER THE DOC. 1 HABEAS PETITION TO THE SIXTH CIRCUIT AS A SECOND PETITION DUE TO LACK OF SUBJECT MATTER JURISDICTION

The Warden respectfully moves the Court, pursuant to *In Re: Sims*, 111 F. 3d 45, 47 (6th Cir. 1997), to transfer Jackson's Doc. 1 habeas petition to the Sixth Circuit Court of Appeals for adjudication under the second petition rules in 28 U.S.C. 2244(b). A memorandum in support follows.

Respectfully submitted,
**DAVE YOST**
Ohio Attorney General
s/Stephen E. Maher _____
**Stephen Maher (0032279)**
**Assistant Attorney General**
Capital Crimes Unit 150 East Gay Street, 16th Floor
Columbus, Ohio 43215-3428
(614) 728-7055
Stephen.maher@ohioattorneygeneral.gov
**COUNSEL FOR RESPONDENT**

1

<u>Memorandum in Support</u>

Jackson's present application is certainly "second-in-time," since his first habeas petition has already been denied by Judge Frost of this Court, plus Jackson's second habeas petition attacks the same state court judgment that was attacked in his first application.

These basic facts show that Jackson's Doc. 1 application is in reality an application for a second petition over which this Court lacks jurisdiction to adjudicate. *Magwood v. Patterson,* 561 U.S. 320, 331 (2010) ("Magwood, in contrast, reads § 2244(b) to apply only to a 'second or successive' application challenging the same state court judgment. According to Magwood, his 1986 resentencing led to a new judgment, and his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply. We agree.") See also *Burton v. Stewart*, 549 U.S. 147, 153 (2007) ("When he filed his second petition, the 2002 petition, he was still being held in custody pursuant to the same 1998 judgment. ***In short, Burton twice brought claims contesting the same custody imposed by the same judgment of a state court.*** As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.") (Emphasis added.); same, *In re Wogenstahl*, 2020 U.S. App. LEXIS, 15200, at *7, (6th Cir. May 12, 2020). ("***Wogenstahl's third-in-time petition attacks the same judgment as his initial petition did. He therefore needs prior authorization before filing it in district court***.") (Emphasis added.)

Jackson erroneously contends that although the instant habeas petition is

2

"second-in-time," it is not governed by second petition rules for the sole reason he has supposed "new evidence" to support his long-standing, but repeatedly rejected, contention that he was not involved with the crimes. See Doc. 1-2, Habeas Petition, Page ID 50-53, citing to *In re Bowen*, 436 F. 3d 699 (6th Cir. 2006) and *In re Jones*, 652 F. 3d 603 (6th Cir. 2010).  But see also Jackson's citation to *In re: Wogenstahl*, 902 F. 3d 621 (6th Cir. 2018) as "contrary authority." Id. Page ID 51.

Neither *Bowen* nor *Jones* stands for the proposition that a second-in-time habeas petition is not governed by second petition rules in 28 U.S.C. 2244(b) simply because the petitioner has supposed "new claims" founded on supposed "new evidence." See also, *Hanna v. Shoop*, 2019 U.S. Dist. LEXIS 156452 (USDC SDO, Merz, Magistrate Judge.) ("In *Wogenstahl*, the Sixth Circuit quoted the language from *Bowen* about applying the abuse of the writ doctrine in deciding second or successive questions. 902 F.3d at 627. However, the Sixth Circuit upheld this Court's determination that Wogenstahl's second-in-time petition was second or successive even though it would have qualified as not abusive under the pre-AEDPA abuse of the writ doctrine enunciated in *McCleskey v. Zant*, 499 U.S. 467(1991). *Id.* at 627-28.

Jackson's misinterpretation of *Bowen* and *Jones* is plain where the provisions of 2244(b)(2)(B) expressly address the new claim/new evidence scenario:

 (b)  A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS § 2254] that was not presented in a prior application shall be dismissed unless—

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)**

**(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Where the second petition rules plainly encompass Jackson's application for a second-in-time habeas petition founded on supposed new claims with supposed new evidence, Jackson's contention that *Bowen* and *Jones* trump the plain terms of 2244(b)(2)(B) is facially implausible.

In other words, Jackson's contention that second petition rules do not apply to him is wrong. The second petition rules do apply such that transfer by this Court to the Sixth Circuit is mandatory.

<u>CONCLUSION</u>

Fort the reasons expressed, this Court lacks subject matter jurisdiction to adjudicate Jackson's Doc. 1 second-in-time habeas petition. Pursuant to *In Re: Sims* this Court's duty is limited to transferring the matter to the Sixth Circuit for further consideration under 2244(B).

4

Respectfully submitted,

**DAVE YOST**

Ohio Attorney General

s/Stephen E. Maher _____

**Stephen Maher (0032279)**

**Assistant Attorney General**

Criminal Justice Section, Capital Crimes Unit 150
East Gay Street, 16th Floor
Columbus, Ohio 43215-3428

(614) 728-7055 Stephen.maher@ohioattorneygeneral.gov

**COUNSEL FOR RESPONDENT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been forwarded to Counsel for the applicant via the Court's electronic filing system on this 5th day of August 2020.

s/ Stephen E. Maher
Stephen Maher
Assistant Attorney General

5