# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**KAREEM JACKSON,**

      **Petitioner,**

v.                                 **Case No.  2:20-cv-3934**
                                         **CHIEF JUDGE ALGENON L. MARBLEY**
**WARDEN,**                       **Magistrate Judge Kimberly A. Jolson**
**Chillicothe Correctional Institute,**

      **Respondent.**

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has before this Court a numerically successive Habeas Petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  This matter is before the Court for consideration of Respondent's Motion to Transfer the Doc 1 Habeas Petition to the Sixth Circuit as a Second Petition Due to Lack of Subject Matter Jurisdiction (ECF No. 7); Petitioner's Response (ECF No. 8); and Respondent's Reply (ECF No. 9).  For the reasons that follow, the Court agrees with Respondent that the instant petition must be transferred as an unauthorized second or successive petition.

## I.     BACKGROUND

Petitioner was convicted of aggravated murder and sentenced to death out of Franklin County on March 6, 1998.  That judgment has already been the subject of a full round of habeas corpus proceedings.  Petitioner filed a habeas corpus petition in the United States District Court for the Southern District of Ohio, Eastern Division, which was assigned to the Honorable Gregory L. Frost.  Judge Frost denied that petition on September 28, 2007.  *Jackson v. Bradshaw*, S.D. Ohio Case No. 2:03-cv-983, 2007 WL 2890388 (S.D. Ohio Sep. 28, 2007).  The

1

Court of Appeals for the Sixth Circuit affirmed the district court's opinion, *Jackson v. Bradshaw*, 681 F.3d 753 (6th Cir. 2012), and the United States Supreme Court denied *certiorari*, *Jackson v. Robinson*, 586 U.S. 1145 (2013).

On December 8, 2014, Petitioner filed what he styled as a "Motion for Independent Relief" alleging that this Court had caused a miscarriage of justice when it based its denial of a claim of ineffective assistance of trial counsel on an erroneous assumption of facts not in the record. (Case No. 2:03-cv-983, ECF No. 97.) In determining that Petitioner's filing did not qualify as a motion for independent relief, Judge Frost construed the filing as an unauthorized second or successive second-in-time petition and transferred it to the Sixth Circuit for the required authorization. (*Id*., ECF No. 104.) The Sixth Circuit denied authorization on January 19, 2016. (*Id*., ECF No. 105.) Petitioner also filed a motion for authorization for federal counsel to appear in ancillary state proceedings (*Id*., ECF No. 107), which the Honorable George C. Smith, due to the retirement of Judge Frost, denied on April 26, 2017 (*Id*., ECF No. 112), and again on May 8, 2017 upon reconsideration (*Id*., ECF No. 117).

Petitioner filed what amounted to a third-in-time petition on March 14, 2018, which was assigned to the Honorable Timothy S. Black in the Western Division of the Southern District of Ohio. (Case No. 2:18-cv-215.) Petitioner argued that his death sentence was unconstitutional under a retroactive application of the Supreme Court's decision in *Hurst v. Florida*, 136 S.Ct. 616 (2016). Judge Black dismissed that petition on October 27, 2020 upon Petitioner's motion for voluntary withdrawal. (*Id*., at ECF No. 18.)

Petitioner filed the instant fourth-in-time petition on August 4, 2020, raising on the basis of previously unavailable evidence claims that material, exculpatory evidence was withheld in

2

violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and that Petitioner's rights to due process and a fair trial were violated by false and coerced testimony of Ivana King in violation of *Napue v. Illinois*, 360 U.S. 264 (1959).  (ECF No. 1-2, at PageID 77-80.)  He argues in a third claim that Ohio's successor postconviction statute as applied violates the Supremacy Clause because it imposes a higher burden of proof than Constitutional precedent requires.  (*Id*. at PageID 112-16.) Citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007), and *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998), Petitioner asserts that these claims only recently ripened, through the disclosure and discovery of previously suppressed evidence, and could not have been raised earlier.  (ECF No. 1-2, at PageID 40-53.)

On August 5, 2020, Respondent filed a motion to transfer this petition to the Sixth Circuit.  (ECF No. 7.)

## II.  STANDARD OF REVIEW

With respect to the filing of second or successive habeas corpus petitions, 28 U.S.C. § 2244(b) provides as follows:

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that,

3

>but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

### III. LAW AND ANALYSIS

The issue for the Court to determine is whether the instant petition is a "second or successive application" within the meaning of § 2244(b). If it is, then the Court must transfer it to the Sixth Circuit as an unauthorized second or successive application. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). If it is not, then the Court has jurisdiction to address the claims raised therein. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012).

The Supreme Court has made clear that not all petitions filed subsequent to a prior petition are "second or successive" applications within the meaning of § 2244(b). *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Steward v. Martinez-Villareal*, 523 U.S. 637, 642 (1998). As a general rule, a petition targeting the same state court judgment challenged by a prior petition is a second or successive application. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Harris v. Warden, Southern Ohio Correctional Facility*, No. 1:12-cv-261, 2013 WL 492993, at *4 (S.D. Ohio, West. Div. Feb. 7, 2013). That said, if a subsequent petition asserts claims that challenge the same judgment as a prior petition, the subsequent petition is <u>not</u> "second or successive" if the claims are <u>newly ripe</u>. In *Panetti*, the Supreme Court found that the petitioner's claim that he was mentally incompetent to be executed, raised for the first time in a subsequent petition, did not render the petition successive because that claim would have been unripe had the petitioner raised it in his prior petition. 551 U.S. at 947. Similarly, the Supreme Court in *Stewart* ruled that a second-in-time petition raising a claim of incompetency to be executed should be construed as a first petition, where the original petition was dismissed as

4

premature. 523 U.S. at 643. In *Slack v. McDaniel*, 529 U.S. 473, 478, 487 (2000), the Supreme Court held that a second-in-time petition was not successive within the meaning of § 2244(b) because the prior petition was dismissed as unexhausted.

Respondent argues that the instant petition challenges the same state court judgment that the first petition challenged. (ECF No. 7, at PageID 161.) Respondent continues that the instant petition is an unauthorized second or successive petition because the new claims it asserts, based on new evidence, are the types of claims expressly contemplated and addressed by the habeas statute in § 2244(b)(2)(B) that require authorization from the court of appeals. (*Id*. at PageID 161-62.)

Petitioner responds with arguments for why the instant petition is not second or successive, and thus is not subject to the successor petition gateway provisions set forth in § 2244(b)(2)(B), which the Court addresses more fully below. (ECF No. 8, at PageID 165-68.) Petitioner argues in the alternative that he has made a prima facie case of satisfying § 2244(b)(2)(B)'s requirements for the pursuit of a successive petition. (*Id*. at PageID 169-71.) To that point, Petitioner asserts that Respondent's interpretation of § 2244(b)(2) gives rise to suspension-of-the-writ issues, and encourages a collision between the AEDPA and a prisoner's right to habeas review. (*Id*. at PageID 172.)

In reply, Respondent simply asserts that Petitioner acknowledges that *In re Wogenstahl*, 902 F.3d 621 (6th Cir. 2018) requires transfer of the instant petition, and that Petitioner has not provided ample justification for the Court to ignore *Wogenstahl* as wrongly decided. (ECF No. 9, at PageID 176-77.)

For the reasons that follow, the Court agrees with Respondent. *In re Wogenstahl* requires

transfer of the instant petition, and Petitioner fails to demonstrate otherwise.

In *In re Wogenstahl*, the Sixth Circuit considered whether to authorize a numerically second petition raising *Brady* and trial counsel ineffectiveness claims. The Sixth Circuit acknowledged that a numerically second petition is not "second or successive" within the meaning of 28 U.S.C. § 2244(b) to the extent that it asserts claims whose factual predicates arose after the filing of the original petition. 902 F.3d at 627 (citing *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)). Acknowledging that courts apply the "abuse of writ" standard to determine whether a second-in-time petition is "second or successive," the Sixth Circuit explained that a petition *is* "second or successive" if it raises a claim that could have been raised in the initial petition but was not, either due to deliberate abandonment or inexcusable neglect. 902 F.3d at 627 (citing *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006)). The Sixth Circuit also explained that a petition is *not* "second or successive" if it asserts a ground that was not ripe at the time the initial petition was filed—in other words, if the events giving rise to the claim not yet occurred at the time of the filing of the initial petition. 902 F.3d at 627 (citing *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017)).

The Sixth Circuit concluded that the claims asserted in Wogenstahl's numerically second petition rendered it "second or successive" because they attacked the same state court judgment that the initial petition attacked, but were not asserted in the prior petition. 902 F.3d at 627. The Sixth Circuit also concluded that the claims were not unripe:

> [B]ecause the purported *Brady* violations and defense counsel's alleged ineffectiveness—the predicates underlying Wogenstahl's current claims—had already occurred when he filed his petition, although Wogenstahl was unaware of these facts, *see In re Jones*, 652 F.3d at 604-05. Instead, Wogenstahl's claims fall within the scenario contemplated by § 2244(b)(2)(B). He filed a previous habeas petition and is now raising claims he did not raise in his first petition. 28 U.S.C. §

6

>   2244(b)(2).  Furthermore, he relies on facts that he only recently discovered.  *Id*. at § 2244(b)(2)(B)(i).  Thus, Wogenstahl's petition is both second-in-time and second or successive, and he must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B).

*Wogenstahl*, 902 F.3d at 627-28 (citing *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017)). Ultimately, the Sixth Circuit granted Wogenstahl authorization to file his successive petition.

The Sixth Circuit reinforced this "ripeness" position one month later in *In re Keith*, No. 18-3544, 2018 WL 8807240 (6th Cir. Oct. 26, 2018).  There, the Sixth Circuit was presented with a successively filed petition asserting a *Brady* violation based on newly discovered impeachment evidence concerning a forensic scientist who had testified for the state, as well as the prosecution's disregard of a subpoena for telephone logs that would have contradicted the state's theory of the case and undermined the credibility of its key witness.  2018 WL 8807240, at *1.  In finding the new petition to be second or successive under 28 U.S.C. § 2244(b)(3)(A), the Sixth Circuit explained, "[t]his Court recently held that *Brady* claims become ripe when the alleged violations occurred, even if the petitioner was unaware of the *Brady* violations at the time he filed his previous habeas petition."  *Id*. at *2 (citing *Wogenstahl*, 621 F.3d at 627-28).  As in *Wogenstahl*, the Sixth Circuit granted authorization for Keith to file his successive petition.

*Wogenstahl* amplifies that there is an elemental distinction between claims that were not ripe, not exhausted, or not available at the time a prior petition was filed; and claims that are based on a factual predicate that was not previously discovered or discoverable.  Section 2244(b)(2)(B) expressly speaks to the latter and deems them "second or successive."  Petitioner's claims fall into this category.

Noting that the Sixth Circuit and other courts have used the pre-AEDPA abuse-of-the-writ standard for determining whether a subsequent petition is "second or successive," Petitioner

7

asserts that no abuse of the writ has been alleged here. (ECF No. 8, at PageID 165.) Petitioner's argument misses the mark. Although there is no evidence that Petitioner withheld the claims he raises in the instant application out of a desire to vex, harass, or delay—the type of behavior that the "abuse of the writ" doctrine targets--that fact is not dispositive. What is dispositive, as *Wogenstahl* makes clear, is the fact that it was not an event that had yet to occur that precluded Petitioner from raising these claims in his initial petition, but rather, a factual predicate that did exist at the time of the prior petition, but was undiscovered and purportedly undiscoverable.

In an attempt to escape the reach of *Wogenstahl*, Petitioner argues that diligence should be the focus when determining whether his newly asserted claims were unripe at the time the original petition was filed. (ECF No. 8, at PageID 166-67). Noting that even the state appellate court's decision affirming the procedural dismissal of Petitioner's successor postconviction action assumed that Petitioner had acted diligently in discovering and raising his *Brady* and *Napue* claims, Petitioner argues that those claims only became ripe once the prosecutors disclosed the exculpatory evidence. In so arguing, Petitioner acknowledges that his definition of "ripeness" runs afoul of *Wogenstahl* (*Id*. at PageID 167, n.4), but then urges the Court, without offering substantive reasoning, to ignore *Wogenstahl* as "wrongly decided." This the Court declines to do. Petitioner asserts that the Supreme Court has never held that *Brady*-type claims ripen at the time of trial or at the moment when prosecutors decide to suppress exculpatory evidence because doing so would reward the prosecutors' egregious misconduct. (*Id*. at PageID 167-68.) The Court finds this argument unpersuasive.

In *Hall v. Bell*, No. 1:19-cv-341, 2019 WL 6499646 (E.D. Tenn. Dec. 3, 2019), a district court recently rejected this very argument. There, the petitioner sought to raise in a successively

8

filed petition a previously concealed juror-bias claim. He argued that his claim became ripe *not* when the juror exhibited and concealed bias, but only when the petitioner *discovered* that the juror had exhibited and concealed bias. The district court disagreed, explaining in the vein of *Wogenstahl* that discovery of the alleged bias and concealment "is not a factual predicate that gives rise to a new claim, nor is the date upon which he discovered the alleged violation the relevant date for determining the ripeness of the claim." 2019 WL 6499646, at *3, *aff'd In re Hall*, 795 F. App'x 943, 945 (6th Cir. 2019) ("[S]o long as the facts giving rise to the claim had occurred by the time of the first petition, the petition qualifies as 'second or successive' even if the petitioner was unaware of those facts.") This Court finds that reasoning persuasive in that it is more faithful to *Wogenstahl* than Petitioner's position is.

In sum, both the *Brady* claim and the *Napue* claim are claims whose factual predicates existed at the time of Petitioner's prior petition, even if those factual predicates were not discovered or discoverable at the time of the prior petition. Stated another way, it was new evidence, *not* the factual predicates themselves, that arose after the prior petition. Section 2244(b)(2)(B) expressly speaks to such claims and deems them "second or successive." As such, the instant application must be transferred, for it is the Court of Appeals' province alone to determine whether a "second or successive application" meets the statutory requirements to proceed.[1]

The Sixth Circuit has held that the term "second or successive" should be applied to a

---

[1] Because it is exclusively the province of the court of appeals to determine whether to authorize the filing of a second or successive petition, this Court will not consider Petitioner's arguments that he has prima facially satisfied the § 2244(b)(2)(B) requirements for authorization. (ECF No. 8, at PageID 169-71.) Petitioner should take heart, based on the facts he alleges, that the Sixth Circuit in *Wogenstahl* and *Keith* granted authorization for the filing of a second or

petition as a whole, not to the individual claims within it. *In re Stansell*, 828 F.3d 412, 418 (6th Cir. 2016) (citing *Magwood*, 561 U.S. 320, 330-36 (2010)); *but see In re Caldwell*, 917 F.3d 891, 893-94 (6th Cir. 2019) (holding that petition was second or successive as to claims targeting judgment previously challenged, but was not second or successive as to claims targeting judgment not previously challenged); *and In re Jones*, 652 F.3d 603, 605-06 (6th Cir. 2010) (dismissing as unnecessary a motion to authorize second or successive petition as to one claim whose factual predicate occurred after the first petition but not to fair cross-section claim that could have been raised in first petition). The Court is of the view that *Caldwell* and *Jones* are distinguishable--in that *Caldwell* involved the unique circumstance of one petition challenging two different judgments; and that *Jones* involved the Sixth Circuit, not a district court, ruling on a motion to authorize a second or successive petition—and that *Stansell*, relying on *Magwood*, controls here. As such, the Court declines to address Petitioner's claim asserting that Ohio's successor postconviction statute, as applied, violates the Supremacy Clause. Having determined that the *Brady* and *Napue* claims clearly dictate transfer, the Court reads *Stansell* as requiring entire petition to be transferred.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds the instant petition to be second or successive, and accordingly **GRANTS** Respondent's Motion to Transfer (ECF No. 7). The motions to proceed *in forma pauperis* (ECF No. 2) and for appointment of counsel (ECF No. 3) are **TERMINATED**, as this Court is without jurisdiction to rule on them. The Court **DIRECTS** the

---

successive petition. But that authorization is something only the Sixth Circuit can grant.

Clerk to **TRANSFER** the Petition (ECF No. 1) to the Court of Appeals for the Sixth Circuit for authorization to be filed.

    **IT IS SO ORDERED.**

                                                             */s/ Algenon L. Marbley*
                                                         **ALGENON L. MARBLEY**
                                  **CHIEF UNITED STATES DISTRCT JUDGE**

**DATED:  February 2, 2021**

11